**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4156**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

KIRBY LOREN AMLEE,

　　　　　　　Defendant - Appellant.

**No. 08-4157**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

KIRBY LOREN AMLEE,

　　　　　　　Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:06-cr-00376-NCT-1; 1:06-cr-00424-NCT-1)

Submitted: September 29, 2008　　Decided: December 31, 2008

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Michael Francis Joseph, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kirby Loren Amlee pled guilty, pursuant to a written plea agreement, to two counts of possession of firearms in commerce after having been dishonorably discharged from the Armed Forces, in violation of 18 U.S.C. §§ 922(g)(6), 924(a)(2) (2000), and was sentenced to 46 months imprisonment. Amlee's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Amlee. Amlee has filed a supplemental pro se brief addressing these issues and asserting that he received ineffective assistance of counsel. Finding no error, we affirm.

Because Amlee did not move in the district court to withdraw his guilty plea, any challenge to the propriety of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Before accepting a plea, the district court must ensure that the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and various other rights, so it is clear the defendant is knowingly and voluntarily entering his plea. The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Our review of the plea hearing transcript reveals that the district court conducted a thorough

3

Rule 11 colloquy, ensuring that Amlee's plea was knowing and voluntary and that there was an independent factual basis for the plea.

This court reviews the sentence imposed by the district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume that a sentence within the properly calculated sentencing guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence). Here, the district court followed the appropriate procedures in sentencing Amlee, and we find no abuse of discretion in its imposition of the 46-month sentence. We therefore find that Amlee's sentence is reasonable.

Amlee contends that the district court erred by failing to downwardly depart from the guideline range pursuant to U.S. Sentencing Guidelines Manual § 5K1.13 (2007), based on his diminished capacity. This ruling is not reviewable unless the

4

district court was under the mistaken impression that it lacked the authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008) (no authority to review denial of downward departure, even after Booker); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases declining to review a district court's decision not to depart, even after Booker). Here, the district court clearly understood its authority to depart; therefore, this claim is not cognizable on appeal.

Amlee also asserts a challenge to the effectiveness of his trial attorney. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find that the record does not conclusively establish ineffective assistance.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Amlee's convictions and sentence. This court requires that counsel inform Amlee, in writing, of his right to petition the Supreme Court of the United States for further review. If Amlee requests that a petition be filed, but counsel believes

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Amlee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED